```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                          ELKINS
```

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                        Crim. Action No. 2:90-CR-38
                                        (Judge Kleeh)

**RUBY ANN BANKS,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE MOTION [ECF NO. 37] FOR LACK OF SUBJECT MATTER JURISDICTION

On November 27, 2019, Defendant Ruby Ann Banks ("Defendant") filed a pro se motion for restoration of her right to possess a firearm.[1] The Government responded on June 1, 2020, asking the Court to deny the motion without prejudice because Defendant had not exhausted her administrative remedies.

An individual who is prohibited from possessing firearms under federal law may apply for relief via 18 U.S.C. § 925(c), which states as follows:

> A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney

---

[1] Defendant's felony conviction barring her from possessing a firearm stems from a 1990 case. The full docket for her case is not available in CM/ECF, but the Court need not review the full docket to reach its decision.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE MOTION [ECF NO. 37] FOR LACK OF SUBJECT MATTER JURISDICTION**

>General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. The court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice. A licensed importer, licensed manufacturer, licensed dealer, or licensed collector conducting operations under this chapter, who makes application for relief from the disabilities incurred under this chapter, shall not be barred by such disability from further operations under his license pending final action on an application for relief filed pursuant to this section. Whenever the Attorney General grants relief to any person pursuant to this section he shall promptly publish in the Federal Register notice of such action, together with the reasons therefor.

Without a denial by the Attorney General, the district court has no subject matter jurisdiction to hear the petition. See United States v. Bean, 537 U.S. 71, 76 (2002) ("The procedure that § 925(c) lays out for those seeking relief also leads us to conclude that an actual adverse action on the

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PRO SE MOTION [ECF NO. 37] FOR LACK OF SUBJECT MATTER JURISDICTION**

application . . . is a prerequisite for judicial review.");[2] Saccacio v. Bureau of Alcohol, Tobacco, & Firearms, 211 F.3d 102, 104 (4th Cir. 2000); Belcher, 2009 WL 2599331, at *7; United States v. Carte, 122 F. Supp. 2d 702, 703 (S.D.W. Va. 2000).

Here, Defendant has provided no indication that she has submitted an application to the Attorney General, as required by 18 U.S.C. § 925(c). Her motion is **DENIED** for lack of subject matter jurisdiction.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record via email; to the pro se Defendant via certified mail, return receipt requested; and to all appropriate agencies.

DATED: June 19, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

---

[2] Until 2002, 18 U.S.C. 925(c) provided that applications were to be sent to the Secretary of Treasury, who delegated the authority to consider the petitions to the Bureau of Alcohol, Tobacco and Firearms. See Belcher v. United States, No. 1:09-mc-00029, 2009 WL 2599331, at *6 n.5 (S.D.W. Va. Aug. 20, 2009) (citing United States v. Law, No. 5:91-00225, 2004 WL 1179457, at *1 n.2 (S.D.W. Va. May 19, 2004)). In 2002, the statute was amended to require that petitions be sent to the Attorney General. Id.