IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                         **Criminal Action No. 2:90-CR-38**
                                                                   **(JUDGE KLEEH)**

**RUBY ANN BANKS,**

      **Defendant.**

### REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO EXPUNGE FELONY CONVICTION BE DENIED AND GOVERNMENT'S MOTION TO DISMISS BE GRANTED

On July 17, 2020, Defendant in this matter filed a *pro se* motion to expunge her felony record [ECF No. 43]. Thereafter, by order dated July 20, 2020, the Honorable Thomas S. Kleeh, United States District Judge, referred Defendant's motion to the undersigned Magistrate Judge. [ECF No. 44]. The Court is in receipt of the Government's motion to dismiss Defendant's motion, filed on August 12, 2020. [ECF No. 49].

For the reasons stated herein, the undersigned **FINDS** that the Court does not have jurisdiction to grant the relief Defendant seeks. Accordingly, the undersigned **RECOMMENDS** that Defendant's motion [ECF No. 43] be **DENIED** and that the Government's motion [ECF No. 49] be **GRANTED**.

### I. BACKGROUND

On January 8, 1992, upon Defendant's plea of guilty to one count in this matter, the Court entered a judgment order adjudicating Defendant guilty of possession with intent to distribute approximately 28.56 grams of methamphetamine, a felony. The Court sentenced Defendant to 15

months of imprisonment with credit for time served, and to a term of supervised release of three years.

In support of her motion, Defendant states that she is seeking employment in positions that require her to have no felony conviction. Defendant points out that she is active in her community, aiding in the search and rescue of missing persons and with animal rescue. Defendant also states that she is raising grandchildren, and doing so by herself since the time of her husband's passing from cancer in 2013. She states that her only felony conviction is in this matter, and that she has no other felony or misdemeanor matters pending. Defendant emphasizes that she has been released from incarceration for 28 years.

## II. DISCUSSION AND ANALYSIS

Assuming that Defendant's representations about the trajectory of her life over recent decades are accurate, it appears that she has led an admirable life since the time of her trouble in this case. Defendant should be commended for how she engages with her community and family, and how she otherwise appears to have avoided criminal trouble. However, regardless of the Defendant's personal circumstances, there is no legal authority for this Court to order expungement of her criminal record. The Court has no jurisdiction to consider a motion for expungement.

No statute, regulation, caselaw, or other provision authorizes this Court to order, on equitable grounds, expungement of records pertaining to Defendant here.  Courts have examined whether, in this context, the doctrine of ancillary jurisdiction may apply to allow such relief as Defendant requests. The Supreme Court has held that federal courts have "ancillary jurisdiction … over some matters (otherwise beyond their competence) that are incidental to other matters properly before them.." <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 378 (1994).

Under this decision, ancillary jurisdiction may allow courts to act "to permit disposition by a single court of claims that are … factually interdependent" and thus "enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees." Id. at 379-80.

There are limited contexts in which expungement may be permitted. These include, for example, expungement for overturned convictions and inaccurate government records. See e.g. 10 U.S.C. §1565(e) (DNA analysis), 42 U.S.C. § 12592(d) (DNA analysis), 18 U.S.C. § 3607(c) (information as to younger drug offenders), and 5 U.S.C. § 552a(g) (inaccurate agency records). However, as to equitable expungement of the type Defendant requests here, it appears that every federal Circuit Court of Appeals addressing the question have found that district courts have no jurisdiction. See, United States v. Sumner, 226 F.3d 1005 (9th Cir. 2000); United States v. Dunegan, 251 F.3d 477 (3rd Cir. 2001); United States v. Meyer, 439 F.3d 855 (8th Cir. 2006); United States v. Coloian, 480 F.3d 47 (1st Cir. 2007); United States v. Field, 756 F.3d 911 (6th Cir. 2014); Doe v. United States, 833 F.3d 192 (2nd Cir. 2016); United States v. Wahi, 850 F.3d 296 (7th Cir. 2017).

It does not appear that the Fourth Circuit has issued a *published* opinion since Kokkonen addressing the issue of equitable expungement. Before the Kokkonen decision, the Fourth Circuit addressed expungement in certain limited contexts. Allen v. Webster, 742 F.2d 153 (4th Cir. 1984). The Allen court cautioned that expungement is available only in rare circumstances. However, since the Allen decision, the Fourth Circuit, in at least two unpublished decisions, has indicated that ancillary jurisdiction does not extend to requests, such as Defendant's here, for equitable expungement. See United States v. Mettetal, 714 Fed.Appx. 230 (2017); United States v. Happel, 770 Fed.Appx. 147 (2019).

Even if the Fourth Circuit's Allen decision still is instructive here, Defendant's situation is not an "exceptional circumstance" giving rise to equitable expungement. In Allen, the defendant was tried and *acquitted*, unlike Defendant Banks here. The Allen defendant then unsuccessfully sought federal employment. He attributed his lack of employment success to the existence of records relating to his arrest, trial, and acquittal. He sought expungement of these records. See Allen, 742 F.2d at 154-155. In denying the relief sought in Allen, the Fourth Circuit emphasized that constitutional issues, such as unlawful arrest or a government agency's misconduct, are the types of issues constituting an exceptional circumstance for equitable expungement. Id. The harm as to employment opportunities did not merit the relief sought in Allen. See also United States v. Hines, No 1:97-CR-4-5, 2017 WL 3446287, at *1 (N.D.W. Va. Aug. 10, 2017). As in Allen, Defendant Banks here seeks equitable expungement to aid in seeking employment. Therefore, to the extent which Allen still has any bearing on cases such as Defendant Banks's here, Defendant Banks's motion must be denied.

### III. CONCLUSION

Although Defendant's track record since the time of her conviction in this matter is laudable, and the reasons for her seeking relief by her motion here are understandable, the undersigned **FINDS** that Court has no jurisdiction to grant Defendant's motion under Kokkonen. And even if jurisdiction did exist, the undersigned **FINDS** that there are not exceptional circumstances here under Allen or otherwise under Fourth Circuit decisions to order expungement as Defendant requests.

Therefore, based on the foregoing, the undersigned **RECOMMENDS** that the Defendant's motion to expunge [ECF No. 43] be **DENIED** and that the Government's motion to dismiss [ECF No. 49] be **GRANTED**.

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

It is so **ORDERED**.

DATED: October 14, 2020

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE