IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**UNITED STATES OF AMERICA,**

        Plaintiff,

    v.                              Crim. Action No. 2:90-CR-38
                                                        (Judge Kleeh)

**RUBY ANN BANKS,**

        Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

On July 17, 2020, Defendant Ruby Ann Banks ("Defendant") filed a pro se motion to expunge her felony record. [ECF No. 43]. The Government responded on August 12, 2020, asking the Court to dismiss the motion. [ECF No 49].

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On October 14, 2020, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 50], recommending that the Court deny the Motion to Expunge [ECF No. 43] and that the Government's Motion to Dismiss be granted [ECF No. 49].

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Under Local Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Therefore, parties had fourteen (14) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Defendant accepted service of the R&R on October 19, 2020. [ECF No. 51]. Defendant timely filed objections to the R&R on October 23, 2020. [ECF No. 52].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Civ. P. 72(b); LR PL P 12.

The Court finds that Defendant's objections are conclusory, restate arguments made in her motion, and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for expunging a felony record. [ECF No. 52]. Defendant generally objects to the magistrate judge's recommendation. Id. Defendant fails to take issue with the magistrate judge's recommendation that this Court specifically deny the motion for expungement because there is no legal authority for this Court to order expungement and the Court has no jurisdiction to consider a motion for expungement. Id.

Because Defendant's objections are insufficient as to the magistrate judge's recommendation that this Court lacks authority and jurisdiction over the issues presented by Defendant, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 50]. The Motion to Dismiss is **GRANTED** [ECF No. 49] and the Motion is **DENIED** [ECF No. 43].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record via email; to the pro se

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Defendant via certified mail, return receipt requested; and to all appropriate agencies.

**DATED:** February 10, 2022

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE